## Commonwealth *v.* Parker, Appellant.

*Criminal law—Murder—Charge.*

1. A conviction of murder of the first degree will not be reversed because the court in its charge is alleged to have minimized the importance of a quarrel between defendant and the deceased by saying, "Defendant would have us believe he was afraid of deceased; he has produced some evidence that deceased had a bad reputation;

he said he did not know anything about his reputation, so his reputation really had no effect on defendant's mind at all; he said he at one time had a personal altercation with him, but that is a recollection of a particular event and is not reputation," where defendant testified, "I didn't have no serious trouble with him."

Argued March 19, 1923. Appeal, No. 308, Jan. T., 1923, by defendant, from judgment of O. & T. Phila. Co., Sept. T., 1922, No. 322, on verdict of guilty of murder of the first degree, in case of Commonwealth v. John Parker, alias Sparrow Parker. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Verdict of murder of the first degree upon which sentence was passed. Defendant appealed.

*Error assigned,* inter alia, was portion of charge set forth in the opinion of the Supreme Court, quoting it.

*Leopold C. Glass,* with him *Thomas J. Minnick,* for appellant.

*Maurice J. Speiser,* Assistant District Attorney, and *Samuel P. Rotan,* District Attorney, for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 9, 1923:

John Parker, alias Sparrow Parker, appeals from a sentence on conviction of murder of the first degree.

The fact that defendant killed Benjamin Carpenter, the deceased, was admitted at trial, but the evidence of the attendant circumstances was conflicting. On March 10, 1922, the accused, the deceased, and a number of others were in Parker's room, engaged in a game of

"craps," when a dispute arose between defendant and deceased as to whether a certain throw entitled the latter to a stake of ninety cents. According to the Commonwealth's testimony, Carpenter, claiming to have won the cast, picked up the money and refused to return it; whereupon defendant, without further provocation, went to a near-by bureau drawer, drew therefrom a pistol, and fired several shots at deceased, one of which proved fatal. Parker testified in his own defense that after Carpenter took the money he "ran his hand in his hind pocket and started towards me"; that when he, the accused, went to get his pistol, Carpenter picked up a chair, and it was only after retreating to a corner, and when deceased was threatening him with the chair, that he shot in self-defense. Two eye-witnesses, who testified for the prosecution, said deceased did not offer to strike defendant with a chair, or otherwise threaten him.

Only one of the assignments of error presents a question of substance, and this alone was pressed at argument; it relates to the following portion of the charge: "The defendant would have us believe that he was afraid of Carpenter. He has produced some evidence to the effect that Carpenter had a bad reputation. He said he did not know anything about his reputation, so his reputation really had no effect upon the defendant's mind at all. He said that he at one time had had a personal altercation with him, but that is a recollection of a specific event and is not reputation."

The sole criticism of the above-quoted instructions is that the brief reference, in the last sentence, to the previous "personal altercation," minimized the importance of the event and the effect which it may have had on the mind of defendant at the time of the subsequent fatal encounter; but this complaint lacks force when we examine the record and find defendant, in answer to an inquiry about the other quarrel, testified: "I didn't have no serious trouble with Carpenter."

Appellant made no objection to the charge when delivered; we have gone over the entire record, however, just as though complaints had been made and exceptions duly entered, and feel that the evidence, which amply justified conviction, was submitted to the jury in an adequate and impartial way. Accused had a fair and proper trial; we see no reason to interfere with the verdict.

The assignments of error are overruled, the judgment is affirmed and the record remitted for purpose of execution.